Theodore R. CUMMINGS et al., Plaintiffs,

and

Nancy Aronie et al., Intervenors,

v.

Thomas J. MESKILL et al., Defendants,

and

J. Brian Gaffney, Intervenor.

Civ. A. No. 14736.

United States District Court,
D. Connecticut.

June 19, 1972.

See also 347 F.Supp. 1176.

Robert Satter, Satter, Fleischmann & Sherbacow, and James Wade, Hartford, Conn., for plaintiffs.

David B. Beizer, Hartford, Conn., for intervening plaintiffs.

Robert K. Killian, Atty. Gen. of Conn., and Raymond J. Cannon and Barney Lapp, Asst. Attys. Gen., Hartford, Conn., for defendants.

Francis J. McCarthy and Harry W. Hultgren, Jr., Hartford, Conn., for intervening defendant.

Before SMITH, Circuit Judge, BLUMENFELD, Chief District Judge, and ZAMPANO, District Judge.

ORDER

PER CURIAM.

Intervening defendant asks us to "perfect" the stay order of the Supreme Court, Gaffney v. Cummings, 407 U.S. 902, 92 S.Ct. 2441, 22 L.Ed.2d 679. Our main concern, of course, is that means be found for the electors to choose a valid legislature.

However, the relief sought by intervening defendant would appear to be beyond our powers. It is doubtful, to say the least, that a district court can alter and amend an order of the Supreme Court, intriguing as the idea may sometimes be.

Intervening defendant asked the Supreme Court either to expedite the appeal and reverse this court's judgment, order this court to correct the errors in the Apportionment Board's Plan and place it in effect or in the alternative to order this court to place the Board Plan as corrected in effect on an interim basis, if full consideration was not to be had until October Term. This application was denied but three Justices suggested applying for a stay.

Later another alternative was put forward in the form of the application for stay. The last alternative was the one adopted by the Supreme Court, possibly influenced by the representation in the pleadings before this court that the Board Plan could easily be corrected,

preferably in the pending state court suit,[1] and the representation that it had already received substantial implementation by Connecticut election officials.[2]

If the problems with the interpretation of the Connecticut statute allowing the Secretary of the State to telescope the nomination and election procedures require a modification of the stay order of the Supreme Court, that Court is the proper forum in which to seek such modification, since that Court earlier specifically denied the relief now sought. It may be, however, that the state court, now that there is no question of present effectiveness of our judgment, could consider the application before it to correct the Board Plan and declare it effective for this year's election, if it finds the Plan in its opinion constitutional and otherwise legal.

The motion to "perfect" the stay order of the Supreme Court is denied.

1. Motion for Expedited Consideration and Jurisdictional Statement and Brief, pp. 10, 54.

